IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARCUS TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-033 |
| | ) | |
| RICHMOND COUNTY JAIL SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff Marcus Tyler, an inmate at the Charles B. Webster Detention Center in Augusta, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On March 9, 2012, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 3.) Plaintiff failed to respond.

On April 16, 2012, the Court granted Plaintiff fourteen additional days to comply with the terms of the Court's March 9th Order. (See doc. no. 4.) Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. Plaintiff did not submit the documents required by the Court's March 9th Order, although he wrote a letter to the Clerk of the Court,

requesting another copy of the Court's April 16th Order. (See Clerk's note for May 1, 2012.) In an abundance of caution, the Court provided Plaintiff until May 24, 2012, to return his Trust Fund Account Statement and Consent to Collection of Fees form. (Doc. no. 5.) The Court warned Plaintiff that it would undoubtedly recommend that his case be dismissed without prejudiced if he failed to comply by the May 24th deadline. (Id.) Yet the May 24th deadline has passed, and Plaintiff has not submitted the documents required by the Court's March 9th Order, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). Plaintiff has been warned repeatedly that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this 31 day of May, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

2